**MELVIN FORBES, JR., JA'NELLE FORBES and JA'NAY FORBES, Minors by and through their parents and next friends, JUDITH FORBES and MELVIN FORBES, SR., and PASHIMA WILLIAMS, a minor by and through her mother and next friend, and OCTAVIA NURSE, Plaintiffs**

**v.**

**PATRICIA CLOONEY, Defendant**

Civil No. 168/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 28, 1994

FRANCIS E. JACKSON, ESQ., St. Thomas, V.I., *for plaintiffs*

JAMES M. DERR, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question presented by defendant's motion and plaintiffs' cross motion for Summary Judgment is whether an enforceable Settlement Agreement was reached where the parties agreed on a settlement amount during negotiations, but did not agree on the manner and means of payment, and other essential terms. For the following reasons, the court concludes that an enforceable Settlement Agreement was not consummated, and will therefore grant defendant's motion for Summary Judgment and dismiss plaintiffs' complaint.

## I. UNDISPUTED FACTS

This case arises out of an automobile collision on May 19, 1991. A vehicle owned by defendant Patricia Clooney, and driven by Robert Bulger, struck a vehicle in which plaintiffs were riding. Plaintiffs first filed an action for damages in the District Court of the Virgin Islands, Division of St. Thomas and St. John, against defendant Clooney and Robert Bulger. D.C. Civil No. 1991-327. After the District Court case against defendant Clooney was dismissed with prejudice, plaintiffs filed this action in the Territorial Court.

### A. *District Court Case*

On November 21, 1991, defendant Clooney filed a Motion for Summary Judgment in the District Court case. Plaintiffs did not oppose the motion. They asked the court for additional time to depose the defendants before submitting an opposition to the motion. On January 24, 1994, the court gave plaintiffs forty-five (45) days to depose the defendants and to conduct other discovery. Plaintiffs failed to file an opposition to the motion within the 45-day period, and for more than six months thereafter. On September 17, 1992, the District Court entered summary judgment against plaintiffs, and dismissed the case with prejudice as to defendant Clooney.

Plaintiffs contend that they did not oppose the Summary Judgment Motion because they were negotiating a settlement with

defendant Clooney.[1] The record shows that on February 17, 1992, defendant Clooney offered plaintiffs $7,500.00 to settle the case. Plaintiffs rejected the offer, and made a counteroffer of $13,500.00. On March 13, 1992, defendant's attorney, Carol Hurst, wrote a letter to plaintiffs' attorney, Francis E. Jackson, confirming an agreement as to the amount of $9,500.00, but conditioning it upon "reasonable payment terms," and promising to contact attorney Jackson shortly with the details. On March 19, 1992, in a letter to attorney Hurst, attorney Jackson proposed that when the settlement terms were finalized, the settlement document should be in the form of a Consent Judgment or promissory note, and he expressed concern that time was running out for filing an opposition to the pending Summary Judgment Motion. Attorney Jackson also asked attorney Hurst to withdraw the Summary Judgment Motion to give both parties additional time to work out the terms of the settlement agreement. Attorney Hurst rejected the proposal to put the settlement document in the form of a Consent Judgment, and declined to withdraw the Summary Judgment Motion.

On April 30, 1992, attorney Hurst wrote to attorney Jackson concerning the payment terms. She offered, on behalf of defendant Clooney, to pay down one-third of the $9,500.00 ($3,166.88), with the remainder to be paid over a three-year period in 36 monthly payments of $175.92. On May 21, 1992, attorney Jackson, on behalf of plaintiffs, rejected the offer, stating the following:

> As a counter proposal to the terms of payment of the Nine Thousand Five Hundred Dollars ($9,500.00) settlement, we would request a down payment of Five Thousand Dollars ($5,000.00) with the balance to be paid off in Eighteen (18) equal monthly installments which includes the statutory rate of interest of nine percent (9%). Secondly, we would like the settlement documents to take the form of a Consent Judgment.

Defendant Clooney rejected the counter offer. For almost four months, thereafter, no further negotiations were undertaken by the parties, and on September 17, 1992, the District Court entered

---

[1] It appears that plaintiff's counsel, to his detriment, ceased prosecution of the District Court case in reliance on the pending settlement.

summary judgment against plaintiffs, and dismissed the case as to defendant Clooney.

## B. *Territorial Court Case*

On February 24, 1993, plaintiffs filed the instant action in the Territorial Court against defendant Clooney for breach of contract and debt on the grounds that the parties had settled the matter for $9,500.00 during the pendency of the District Court case. Plaintiffs contend that the parties had agreed to a settlement amount, and although the amount of the initial deposit, the time, manner and form of payment, and other terms were not finalized, the parties had arrived at an enforceable settlement agreement. The parties have now filed cross-motions for summary judgment. At a pretrial conference on December 2, 1994, the court heard the arguments of both sides and took the motion under advisement.

## II. DISCUSSION

Defendant Clooney contends that she did not enter into a settlement agreement with plaintiffs, and even assuming she did, plaintiffs are barred by the doctrine of *res judicata* from bringing the instant action. Because the court finds that the parties did not complete their settlement negotiations, and therefore did not arrive at a settlement agreement, it need not address the *res judicata* issue.[2]

Under Rule 56(c) of the Federal Rules of Civil Procedure,[3] Summary Judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is genuine if the evidence is such that a

---

[2] The action in the District Court against defendant Clooney was in tort for negligent entrustment. This action is in contract for breach of a settlement agreement. No claim for breach of contract was made against defendant Clooney in District Court.

[3] The Federal Rules of Civil Procedure are applicable to the Territorial Court through Terr.Ct.R. 7.

reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

The burden of showing that no genuine issue of material fact exists rests initially on the moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038, 50 L. Ed. 2d 748, 97 S. Ct. 732 (1977). After the moving party has met its burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Only after it has been shown that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law can the court grant Summary Judgment in the moving party's favor. Fed. R. Civ. P. 56(c).

█ It is undisputed that plaintiffs and defendant Clooney agreed on a dollar amount — $9,500.00 — to include in the settlement agreement. What is equally clear, however, is that there was no settlement agreement. The parties did not agree on essential terms, including the initial deposit, the monthly payment, the amount of interest, if any, the form of the settlement document, and the manner and terms of payment. Defendant Clooney offered to pay one-third down ($3,166.88) with the remainder to be paid over a three-year period in 36 monthly installments of $175.92. Plaintiffs rejected this, and proposed that defendant Clooney pay down $5,000.00 with the remainder to be paid in 18 equal monthly installments, with interest at the statutory rate of 9%. Defendant Clooney rejected the counter offer. She also rejected plaintiffs' offer to draft the settlement agreement in the form of a Consent Judgment. Indeed, it is undisputed that negotiations were never completed, since the parties did not agree to those essential settlement terms.

█ It is well settled that courts favor settlements, which have the double benefit of expediting payment to the victim and reducing the burden and expense of litigation. Slaughter v. Pennsylvania X-Ray Corp., 638 F.2d 639, 643 (3d Cir. 1981). Settlement agreements are contracts which are binding and enforceable, whether or not made in the presence of the court or even reduced to writing. James v. Kirkpatrick, 25 V.I. 124 (1990). As such, they are governed

32

by the local law applicable to contracts, which in the Virgin Islands is the Restatement (Second) of Contracts. Isidor Paiewonsky Assoc. v. Sharp Properties, 761 F.Supp. 1231 (D. V.I. 1991).

■ "The only essential prerequisite for creation of a valid contract is that the parties mutually assent to the terms and conditions of the agreement." *Id*. at 1233. Where there is no mutual assent, or no meeting of the minds, there is no contract. James v. Kirkpatrick, 25 V.I. at 127. In James, which arose out of an automobile collision, plaintiff offered to settle the case for $10,000.00, just before jury selection. Defendant rejected the offer and made a counter offer of $2,500.00. During recess following jury selection, defendant attempted to accept the $10,000 offer which he had earlier rejected. In effect, however, defendant was making a new offer to plaintiff. He offered plaintiff $10,000.00, stating that he could not pay all at once, and that the best he could do was to assign the accounts receivable of his business to plaintiff. Plaintiff rejected the offer.

Defendant later claimed that the parties had reached a settlement agreement for $10,000.00. The court rejected his claim, stating:

> A court may read in a reasonable period of time for payment where the agreement is not specific on that detail. . . . However, much more than merely the time of payment was unspecified here; the actual manner and means of payment was still unresolved. A settlement will not be thrust upon the parties . . . where no mutual assent necessary to support an enforceable contract was manifested.

*Id*. at 127-28.

■ In the instant case, "no mutual assent necessary to support an enforceable contract was manifested" by the parties. Plaintiffs expressly rejected defendant Clooney's offer of a deposit of $3,166.88, with the balance of $6,333.12 payable over a period of three years in 36 equal monthly installments of $175.92. Therefore, plaintiffs could not thereafter seek to accept defendant Clooney's offer when their counter offer (deposit of $5,000.00 and balance of $4,500 payable in 18 equal monthly installments) was an express rejection of the offer, and operated to extinguish it. *Id*. at 127.

Furthermore, the parties did not agree on interest terms, form or manner of payment, nor disposition or deferral of the pending civil case in the District Court. Indeed, defendant Clooney expressly refused to agree to a Consent Judgment, perhaps due to the financial impact that execution of such a judgment would have on her ability to pay. Since the parties themselves could not achieve a "meeting of the minds" as to the essential terms of the settlement, this court cannot and will not "thrust a settlement" upon them.

## III. CONCLUSION

Based on the above, together with the pleadings, affidavits, exhibits and other documents on file, this court concludes that because the parties did not reach an enforceable Settlement Agreement, there is no genuine issue as to any material fact, and defendant Clooney is entitled to Summary Judgment as a matter of law.

Accordingly, Summary Judgment will be entered in favor of defendant Clooney and against plaintiffs, and the complaint will be dismissed.

## SUMMARY JUDGMENT

This matter is before the Court on defendant's motion and plaintiff's cross motion for Summary Judgment. For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby,

ADJUDGED, that defendant's motion for Summary Judgment is GRANTED; and it is further,

ADJUDGED, that plaintiffs' cross motion for Summary Judgment is DENIED; and it is further,

ORDERED, that this matter is DISMISSED; and it is further,

ORDERED, that defendant shall be awarded her costs plus a contribution towards her attorney's fees.